KEITH E. McROBERTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McRoberts v. Commissioner
Docket No. 30008-85.
United States Tax Court
T.C. Memo 1986-545; 1986 Tax Ct. Memo LEXIS 63; 52 T.C.M. (CCH) 1010; T.C.M. (RIA) 86545; November 12, 1986. Keith E. McRoberts, pro se. Anne W. Durning, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub.L. 99-514, section 1556, 100 Stat.    ) of the Code [1] and Rules 180, 181, and 182. Respondent issued three notices of deficiency *64 determining deficiencies in Federal income tax and additions to tax against petitioner as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
1980
$ 6,397.89
$1,575.92
$319.89
$ 400.12
1981
$17,838.00
$4,459.50
$891.90
*
$1,367.98
1982
$ 2,993.00
$ 746.25
$149.65
**
$ 290.37
The issues are whether petitioner had unreported income from salaries or wages and whether petitioner is liable for the additions to tax for the years in question. FINDINGS OF FACT At the time the petition was filed, petitioner's legal residence was alleged to be Las Vegas, Nevada. Prior to trial, respondent served a written request on petitioner for admissions under Rule 90(a). Petitioner never responded to the request and, at trial, therefore, each matter therein was deemed admitted under Rule 90(c). , affd. . Additionally, petitioner, in his testimony admitted the accuracy of *65 the information requested in the admissions. Petitioner filed no Federal income tax returns for 1980, 1981, or 1982. He admitted having filed returns in prior years. Respondent issued the notices of deficiency in which it was determined that petitioner failed to report wages or salaries from various employers as follows: $23,977.33
From 4 employers, 1980
$46,019.06
From 2 employers, 1981
$16,576.36
From 5 employers, 1982
During 1982, one of the employers from whom petitioner received wages was Reynolds Electrical and Engineering. In the notice of deficiency, respondent determined the amount of wages from this employer was $9,858.44. Later, respondent determined that the correct amount of wages petitioner received from this employer during 1982 was $35,426. In the requests for admissions, petitioner admitted he received $35,426 from this employer during 1982. During the trial, respondent moved to amend his answer to increase the determined deficiency against petitioner for 1982 to reflect the increased income petitioner received from this employer. Petitioner did not object and the motion was granted. It was also determined from the facts deemed admitted, *66 as well as from petitioner's testimony, that petitioner was married and was a resident of Nevada for each of the years in question. Respondent acknowledged at trial that, based on such information, the notices of deficiency incorrectly attributed all of petitioner's wages to him, however, because of the community property law of Nevada, only one-half of such income should be attributed to petitioner. Accordingly, in the amendment to the answer, and by post-trial memorandum, to reflect the correct income attributable to petitioner under the community property law of Nevada and to reflect the increased income earned by petitioner from Reynolds Electrical and Engineering during 1982, respondent redetermined the deficiencies and additions to tax as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
1980
$1,882.00
$ 458.73
$ 94.10
$116.39
1981
$4,805.00
$1,201.25
$240.25
*
$369.15
1982
$4,627.00
$ 982.88
$231.35
**
$365.82
As shown above, the deficiencies in tax and additions *67 to tax, as redetermined by respondent, were reduced for 1980 and 1981, but increased for 1982. OPINION It is well settled that the determinations made by respondent in a notice of deficiency are presumed correct and the burden of proof is on petitioner, not respondent, to show that the determinations are wrong. . However, with respect to any increase in deficiency pleaded by respondent in the answer, such as occurred here for petitioner's 1982 tax year, the burden of proof as to the increased deficiency is on respondent. Rule 142(a). Under section 6214(a), this Court has jurisdiction to consider a claim by respondent for an increased deficiency or addition to tax at any time before the entry of a final decision. , affg. per curiam a Memorandum Opinion of this Court. Under Rule 41(a), when the increased deficiency is sought through an amended pleading where no responsive pleading is permitted but, after a case is calendared for trial, the amended pleading can be filed only by leave of Court and leave shall be given freely when justice so requires. *68 Leave was granted in this case. In his petition and at trial, petitioner acknowledged that, at the time returns should have been filed for the years in question, he was a protester and filed no returns. When he received letters from respondent indicating that no record existed of returns having been filed for two of the years, he filed classic protester returns on which he reported zero income or filled out each line of the return with the words "Object - Self-Incrimination." Petitioner maintains that he later recanted and claims to have filed amended returns for the years in question. He admitted he had no copies of such returns, could not recall the dates such returns were filed, and admitted having paid no taxes when the purported amended returns were filed. Respondent filed in the record Form 3050, Certification of Lack of Record, which states that, according to respondent's records, there are no income tax returns on file for petitioner's 1980, 1981, and 1982 tax years. Petitioner presented no evidence and did not attempt in any manner to redetermine the deficiencies. He presented no claims to deductions or credits and admitted receiving the wages determined by respondent. *69 Even if he in fact filed amended returns as he claims, he admitted paying no taxes with those returns. Petitioner has not established that he filed amended returns for the three years in question, and if he filed amended returns, he has not sustained his burden of proof to show that respondent's determinations are in error. With respect to the increased deficiency and increased additions to tax for the year 1982, respondent met its burden by virtue of the requests for admission having been deemed admitted and also by petitioner's testimony at trial. Accordingly, the deficiencies in tax and additions to tax, as redetermined by respondent, are sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $17,838.00. ↩
**. 50% of the interest due on $2,993.00.↩
*. 50% of the interest due on $4,805.00. ↩
**. 50% of the interest due on $4,627.00.↩